UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD D. WILLIAMSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:** |
| **OCSHNER MEDICAL CENTER–NORTHSHORE, L.L.C., and OCHSNER CLINIC FOUNDATION** | **SECTION:** |
| | **DIVISION:** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

### INTRODUCTION

This medical malpractice claim for damages, brought pursuant to La. R.S. 40:1231.1, et seq., arises out of the negligent conduct of the employees and/or agents of Ochsner Medical Center–Northshore, L.L.C. and Ochsner Clinic Foundation, which caused Plaintiff, Richard D. Williamson, to suffer bodily injury and harm, including, but not limited to, permanent neurological damage.

### PARTIES

1. Plaintiff, Richard D. Williamson, is a person of full age of majority and resident of and domiciled in Tylertown, Mississippi.

2. Defendant, Ochsner Medical Center–Northshore, L.L.C. (hereafter "Ochsner Northshore"), is a limited liability company organized under the laws of the State of Louisiana, and, at all times pertinent hereto, it was authorized to do and doing business within the jurisdiction of this Honorable Court.

1

3. Defendant, Ochsner Clinic Foundation (hereafter "the Clinic"), is a non-profit corporation organized under the laws of the State of Louisiana, and, at all times pertinent hereto, it was authorized to do and doing business within the jurisdiction of this Honorable Court.

4. Defendant, Carl E. Lowder, Jr., M.D. (hereafter "Dr. Lowder"), is a person of full age of majority, and upon information and belief, is a resident of and domiciled in Louisiana.

## JURISDICTION AND VENUE

5. Jurisdiction of this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), with the amount in controversy, exclusive of interest and costs, exceeding $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(2) and (c), as the events which give rise to this claim occurred in this district and, at all times pertinent hereto, Defendants conducted regular business in the Eastern District of Louisiana.

7. A Request for Panel Review was properly filed with the Division of Administration on or about May 13, 2016. The proceedings before the Medical Review Panel have been completed.

## FACTS AND GENERAL ALLEGATIONS

8. On June 17, 2015, Mr. Williamson was admitted to Ochsner Northshore for scheduled bilateral decompressive C2, C3, C4, and C5 laminectomies, medial facetectomies, and foraminotomies with intraoperative neurological monitoring to be performed by Dr. Lowder.

9. Prior to the June 17, 2015 surgery, Mr. Williamson was myelopathic, but he nonetheless was ambulatory, swam daily, and drove a motor vehicle.

10. During the first two days postoperative (June 18th and 19th), Mr. Williamson appeared stable, and was able to ambulate approximately eighty to 100 feet with minimal assistance using a walking roller.

11. Mr. Williamson was scheduled to be discharged on June 20, 2015, three days postoperative. However, on the morning of June 20, Mr. Williamson was manifesting clear and significant neurological deterioration due to spinal cord compression from a hematoma. Consequently, Mr. Williamson was unable to sit, stand, or ambulate without assistance, and he remained at Ochsner Northshore.

12. When Dr. Lowder was notified of Mr. Williamson's deteriorating condition on the morning of June 20, rather than coming into the hospital to assess his patient, Dr. Lowder implemented orders to have Mr. Williamson transferred to another facility.

13. However, the hospital doctors and staff determined he was unable to be transferred at that time, and he remained at Ochsner Northshore for the next several days, until his discharge on July 1.

14. The first time Dr. Lowder visited Mr. Williamson after learning of his paralysis was on the afternoon of June 21, four days postoperative. Dr. Lowder stated in the progress note of that date that Mr. Williamson was unable to care for himself, and that his legs had weakened over the last thirty-six hours.

15. On the evening of June 22, five days postoperative, Dr. Lowder finally ordered a MRI of the cervical spine.

16. On the morning of June 23, six days postoperative, Mr. Williamson underwent the MRI of the cervical spine that Dr. Lowder ordered the night before, which, according to the radiology report authored by Dr. David Donaldson, revealed, *inter alia*, a large

hematoma/postsurgical changes in the posterior soft tissues which were protruding upon the spinal canal and producing significant spinal cord compression behind C5 at C5–6 where disk protrusion remained. The MRI further reflected epidural hemorrhage behind C6 and cord compression at that level and a high-density material consistent with edema and some hematoma that impinged upon the spinal canal and produced cord compression at T5 and C5–6 and a small amount of epidural hemorrhage posteriorly at C6.

17. On the afternoon of June 23, Dr. Lowder performed a posterior cervical laminectomy incision, exploration and evacuation of subfascial hematoma/seroma. Dr. Lowder's Operative Report reflected, *inter alia*, that a seroma was evacuated.

18. On July 1, 2015, Mr. Williamson was transferred to Ochsner Inpatient Rehab Unit. At the time of his transfer, Dr. Lowder charted that Mr. Williamson had a "C7/T1 spinal level quadriparesis secondary to postop clot at surgical bed…"

19. After a brief stay at the Inpatient Rehab Unit, Mr. Williamson's family arranged for him to be transferred via air ambulance to Baylor Institute for Rehabilitation in Dallas, Texas, where he remained until August 28th, 2015. Following his discharge, Mr. Williamson returned home, where he required round-the-clock care by a team of caregivers.

20. Defendants, Ochsner Medical Center-Northshore, L.L.C., Ochsner Clinic Foundation, and Dr. Lowder departed from applicable standards of care owed to Mr. Williamson by failing to timely diagnose and treat the spinal cord compression caused by a postoperative hematoma or seroma.

21.  Additionally and/or alternatively, the Defendants ignored, avoided, and simply failed to adhere to and apply accepted professional and medical standards in timely diagnosing and

treating Mr. Williamson's spinal cord compression caused by the postoperative hematoma and/or seroma.

22. As a result of this failure to timely diagnose and/or treat Mr. Williamson, he now suffers from permanent and irreversible paraplegia, for which he will require round the clock care for the remainder of his lifetime.

23. The aforementioned negligent actions by Dr. Lowder occurred while he was in the course and scope of his employment with Defendants, Ochsner Medical Center-Northshore, L.L.C. and/or Ochsner Clinic Foundation, therefore, Ochsner Medical Center-Northshore, L.L.C. and/or Ochsner Clinic Foundation are responsible for the negligent acts of their agent, servant, and/or employee physician and staff members, pursuant to doctrine of *respondeat superior*.

24. The foregoing negligence, breaches of the standard of care, and acts and/or omissions of Ochsner Medical Center-Northshore, L.L.C. and/or Ochsner Clinic Foundation, individually and/or through the persons for whom they are responsible, directly and/or proximately resulted in Mr. Williamson's injuries, or, alternatively, resulted in the loss of chance of a better medical outcome.

25. As a direct and proximate result of the above-described negligence, breaches of the standard of care, and acts and/or omissions of the Defendants, individually and/or through the persons for whom they were and are responsible, Mr. Williamson was caused to suffer, and will suffer, severe mental anguish, physical pain and suffering, the loss of enjoyment of life, potential loss or diminution of earning capacity, additional medical treatment and expenses, and other supportive care for which he is entitled to recover damages from Defendants.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, Richard D. Williamson, prays that all Defendants be served with a copy of this Complaint, and that, after due proceedings:

1. There be a judgment herein in favor of Mr. Williamson against all Defendants for all damages as are reasonable in the premises, together with legal interest thereon from May 13, 2016 (the date of the filing of the Request for Panel Review), until paid, and for all costs and expenses of these proceedings, and thereafter;

2. There be specially included in the judgment in Mr. Williamson's favor, provisions for the following damages and relief as found applicable and supported by the evidence:

   a. past and future mental and physical pain and suffering by Mr. Williamson;

   b. past and future loss of enjoyment and quality of life of Mr. Williamson;

   c. past and future compensable medical and other out-of-pocket expenses related to Defendants' wrongdoing;

   d. costs of court; and,

3. All other general, equitable, and further relief as the Court may deem just and proper.

                **GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

                BY:   */s/Robert J. David*
                      **ROBERT J. DAVID (#4704)
WALTER C. MORRISON (#34687)
BRITTANY R. WOLF (#36733)**
                      2800 Energy Centre
                      1100 Poydras Street
                      New Orleans, Louisiana 70163-2800
                      Telephone: (504) 522-2304
                      Telefax:  (504) 528-9973
                      rdavid@gainsben.com
                      wmorrison@gainsben.com
                      bwolf@gainsben.com

and

BRUCE W. STECKLER (LA Bar # 33657)
STECKLER GRESHAM COCHRAN, PLLC
12720 Hillcrest Road, Suite 1045
Dallas, TX  75230
Telephone:  972- 387-4040
Telefax:  972-387-4041
EM:  bruce@stecklerlaw.com


**PLEASE SERVE:**

**OCHSNER MEDICAL CENTER-NORTHSHORE, L.L.C.**
Through their agent for service of process,
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA  70816

**OCHSNER CLINIC FOUNDATION**
Through their agent for service of process,
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA  70816

**DR. CARL E. LOWDER, JR.**
1000 Ochsner Blvd.
Covington, LA 70433